**POLICIES AND PROCEDURES**
*Updated October, 2023*

---

The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse, Room 17614
601 Market Street
Philadelphia, Pennsylvania 19106-1797
Telephone: (267) 299-7500
Facsimile: (267) 299-5056
Email:   Goldberg_chambers@paed.uscourts.gov

## GENERAL INFORMATION

**1.   Communications with Chambers**

Written communication is permitted by email or regular mail regarding scheduling and other non-substantive matters.   Before communicating with the Court on scheduling, counsel should ascertain the position of opposing counsel and include that position in the correspondence.   All substantive issues must be addressed by an appropriate motion or other filing.   Judge Goldberg does not wish to receive copies of correspondence between counsel.

Law clerks may not render advice to counsel and have no authority to grant continuances or any other relief.   Telephone inquiries should be directed as appropriate to either of the following:

> For matters related to civil scheduling and case management, requesting telephone conferences, and general procedures:
>
> - Civil Deputy/Judicial Assistant: Sharon Lippi
>   Telephone:   (267) 299-7500

For matters related to criminal scheduling and case management, and obtaining transcripts of civil and criminal proceedings:

- Criminal Courtroom Deputy/ESR: Jimmy Cruz
  Telephone: (267) 299-7509

**2.  Telephone Conferences**

Counsel may request a telephone conference to resolve straightforward discovery disputes, but the resolution of complicated discovery matters should be initiated through the filing of a formal motion.  Counsel must attempt to resolve all discovery disputes with opposing counsel before requesting the Court's assistance.

**3.  Stipulations/Consent Decrees**

Any stipulations, consent decrees, or other documents requiring Court approval or the Judge's signature must be submitted to the Clerk's Office.

**4.  Electronic Case Filing**

Counsel shall file all pleadings electronically, through the Electronic Case Filing System (ECF).  In the unusual case where counsel does not file using ECF, courtesy copies of all pleadings and motion papers shall be delivered to Chambers, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106.

## CIVIL MATTERS

**1.   12(b) Procedural Order - Pre-Motion to Dismiss Conferences**

In an effort to reduce the number of easily resolvable motions to dismiss, upon the filing of a complaint, the Court will file a 12(b) Procedural Order.   This Order requires any party who intends to file a motion to dismiss, motion for a more definite statement, motion to remand, motion for change of venue or motion for judgment on the pleadings, to submit a letter to the Court, succinctly stating the basis for the motion, and requesting a pre-motion conference.   After the opposing party submits a response, the Court will hold a phone conference to determine if there is any agreement on which claims may be voluntarily dismissed.

This procedure does not apply in cases in which either side is *pro se*, or in bankruptcy or social security appeals.

The 12(b) Procedural Order is posted on the Court's website.

**2.   Rule 26 Conferences**

The Rule 26(f) conference between counsel shall take place as soon as possible and, in any event, at least fourteen (14) days before the Rule 16 scheduling conference. Outstanding motions will not excuse counsel from timely holding this meeting and submitting a Rule 26 plan.   Rule 26(f) submissions are to be completed on the Joint Status Report form posted on the Court's website, and shall be directed to Chambers by filing on ECF, facsimile, or e-mail.

### 3.   Rule 16 Scheduling Conferences

A preliminary pre-trial conference pursuant to Fed. R. Civ. P. 16 will be scheduled shortly after a defendant has filed an appearance or pleading.   At least three (3) business days before the Rule 16 conference, counsel shall file a joint report of the Rule 26(f) meeting with a proposed discovery plan.   Topics addressed at the initial pre-trial conference will be those listed in Local R. Civ. P. 16.1(b) and will also include the progress of self-executing disclosure under the Fed. R. Civ. P. 26(a), discovery, the preservation and production of electronically-stored information, settlement and mediation proposals.

Lead trial counsel must attend the Rule 16 conference and must enter an appearance prior to the conference.   All applications to appear *pro hac vice* must be approved prior to the conference.   For the convenience of out-of-state counsel, in some instances and upon request, the Rule 16 conference may be conducted via telephone.

Any attorney appearing at the conference shall have a thorough understanding of the facts, shall be prepared to discuss all claims and defenses in detail, shall have evaluated the case for settlement purposes, and must have settlement authority from the client.   Motions to dismiss, transfer, add parties, and other threshold motions should be filed before the conference.   Counsel must be prepared to present argument at the conference on any pending motions.

At the conclusion of the Rule 16 conference, a Scheduling Order will be issued by the Court.

Counsel may not unilaterally extend any discovery deadlines set forth in the Court's

Rule 16 Scheduling Order without Court approval.  A letter request for a discovery deadline extension shall be submitted by email.  Counsel shall articulate the basis/grounds for the extension request, whether opposing counsel agree, and what discovery has been completed to date.

**4. Discovery**

The Federal Rules of Civil Procedure call for voluntary, cooperative discovery in a timely manner.   The information required to be disclosed pursuant to Fed. R. Civ. P. 26(a) is required to be exchanged no later than fourteen (14) days after the date of the order scheduling the Rule 16 conference.

Counsel should be prepared to report on the progress of discovery at the Rule 16 conference.   Pending motions do not excuse counsel from proceeding with discovery.

The Court encourages the submission of routine discovery disputes through correspondence filed on ECF that shall not exceed three (3) pages.  Within seven (7) days thereafter, any responsive correspondence shall also be filed on ECF and shall not exceed three (3) pages.  Upon review, the Court may schedule of a telephone conference.  Prior to the above submissions, Counsel shall meet and confer to make every effort to come to an amicable resolution.

If a motion to compel is filed under Local R. Civ. P. 26.1(g), the motion shall not exceed five (5) pages, shall not contain exhibits, and shall not include a brief or memorandum of law, unless the motion involves the invocation of a privilege.  The certification required under Rule 26.1(f) must state what efforts were made to resolve the

dispute.

Judge Goldberg encourages telephone conferences to resolve disputes during depositions in situations where the deposition would otherwise have to be adjourned.

### 5. Confidentiality Agreements

Judge Goldberg will only consider entry of stipulated confidentiality or sealing orders if the parties demonstrate that "good cause" exists pursuant to Fed. R. Civ. P. 26(c)(1)(G) and the mandates of Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) are applicable. All such orders must contain the following language (or language substantially similar):

> *The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.*

### 6. Settlement Conferences

Except in non-jury trial matters, the issue of settlement may be raised at all stages in the proceedings. Consistent with Local R. Civ. P. 53.3, Judge Goldberg directs all parties to consider the use of an alternative-dispute-resolution process at an appropriate stage in the litigation.

In most cases, a settlement conference will be scheduled before United States Magistrate David R. Strawbridge. Judge Goldberg strongly encourages litigants to avail themselves of Judge Strawbridge's skillful assistance regarding settlement throughout the course of the litigation.

### 7. Requests for Extensions of Time

Where compelling circumstances exist, counsel may request an extension of a filing or other deadline. Extension requests should be made through correspondence and the counsel requesting the extension shall state the position of opposing counsel. Any counsel opposing the extension shall submit a responsive correspondence setting forth the reasons for opposition. Counsel may not extend any deadlines without Court approval.

**8. Pre-trial Settlement**

Upon reaching a settlement, counsel must notify Judge Goldberg's Chambers immediately and request dismissal of the action pursuant to Local R. Civ. P. 41.1(b) or propose some other procedure that will effectively terminate the litigation.

**9. Length and Content of Briefs or Legal Memoranda**

All grounds for relief should be set forth in a single, comprehensive motion. A motion to dismiss, for example, should not be divided into separate motions for each count, but rather should include all bases for relief. Any brief or memorandum filed in support of the motion should be limited to twenty-five (25) pages. Any brief or memorandum filed in opposition or in response to a motion is subject to the same page limitation. If a party requires more than twenty-five (25) pages to explain its position to the Court, a motion to exceed the page limit should be filed prior to the memorandum deadline, setting forth good cause for granting an exception to this rule.

Judge Goldberg appreciates courtesy copies of significant motions, memoranda of law, and other pleadings, along with attachments/exhibits, but requests that counsel

send to Chambers only one courtesy copy. All attachments and exhibits shall be submitted in bound form. Transmittal of courtesy copies by facsimile is not permitted.

Briefs should be filed in an electronic, searchable format whenever possible. There is no need to print out and scan electronically filed briefs for signing by hand; an electronic signature ("/s/") is sufficient. Exhibits should, whenever possible, be filed in an electronic, searchable format. Scanned documents are difficult to read and should be avoided. Exhibits filed on ECF should be filed as separate attachments. Do not merge multiple exhibits into a single PDF document.

## 10. Reply and Surreply Briefs

If necessary, reply briefs for motions for summary judgment may be filed without leave of Court. However, leave of Court is required to file surreply briefs regarding motions for summary judgment. For all other motions, reply and surreply briefs may only be filed with leave of Court. Generally, reply and surreply briefs will only be permitted when necessary to rebut an issue or factual assertion not covered by the party's original submission. Leave will not be granted to re-state arguments previously covered. When seeking leave of Court, counsel should file a motion, attaching the proposed reply or surreply as an exhibit. When permitted, reply and surreply briefs are limited to ten (10) pages each and should be filed within fourteen (14) days of the filing of the document to which it replies.

## 11. Rule 56 Motions

Any motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 shall include

a short and concise Statement of Undisputed Facts as a separate exhibit. The statement shall set forth, in numbered paragraphs, all material facts that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues should be included. See Section 8 above for length and content of briefs or legal memoranda.

The papers opposing a motion for summary judgment shall include as a separate exhibit a short and concise statement of the material facts, which respondent contends present genuine issues for trial. This statement should respond to the numbered paragraphs set forth in the moving party's Statement of Undisputed Facts. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment. The Court will accept all material facts set forth in the moving party's statement as admitted unless controverted by the opposing party.

Statements of material facts in support of or in opposition to a motion for summary judgment shall include specific references to the parts of the record that support each statement. Each stated fact shall cite the source relied upon, including the page and line of any document to which reference is made.

Pursuant to Fed. R. Civ. P. 56, reply briefs regarding motions for summary judgment may be filed without leave of Court. Leave of Court is required for responsive surreply briefs regarding motions for summary judgment.

## 12. Injunctions

Judge Goldberg will promptly list any request for a temporary restraining order

(ATRO@) or a preliminary injunction assigned to him. When possible, a pre-hearing conference will be scheduled to discuss discovery issues, and allocate a time for the hearing. Expedited discovery will also be discussed and, when appropriate, ordered at the conclusion of the pre-hearing conference.

13. **Pre-trial Conferences**

A pre-trial conference date will be set after any denial of motion for summary judgment or if no such motion has been filed after the completion of discovery. Motions *in limine,* objections to exhibits, *voir dire*, other pretrial matters and trial procedures will all be discussed and resolved at the pre-trial conference.

14. **Trial**

Judge Goldberg's pre-trial Order will typically assign a date certain for trial. Because trial dates are established well in advance and continuances will rarely be granted, counsel should be prepared to proceed on the scheduled trial date.

Prior to trial, counsel shall supply the Court and opposing counsel with a tabbed exhibit binder and exhibit index. An additional binder shall also be prepared for the Deputy Clerk and for use with witnesses.

Other miscellaneous trial procedures:

- **Note-taking by Jurors**

    Judge Goldberg permits jurors to take notes.

- **Examination of Witnesses Out of Sequence**

    The Court will permit counsel to examine his/her own witnesses out of sequence for the convenience of a witness.

- **Opening Statements and Summations**

    Judge Goldberg will typically be flexible regarding time limits for opening statements and summations and will discuss the time needed with counsel prior to the speeches.

- **Examination of Witnesses or Argument by More Than One Attorney**

    More than one attorney for a party may examine different witnesses or argue different points of law before the Court.   Only one attorney for each side may examine the same witness.

- **Videotaped Testimony**

    Videotaped testimony should begin with the witness being sworn. Counsel should bring objections to the Court's attention at the time of the final pre-trial conference.   After the Court rules on any objections, counsel must edit the tapes before offering the videotaped testimony at trial.

- **Offering Exhibits into Evidence**

    Unless the parties have an agreement as to the admissibility of a proposed exhibit, it may not be published to the jury, nor may a witness testify as to its content, until it has been admitted into evidence.

- **Written Jury Instructions**

    The Court will typically provide the jury a copy of the written jury instructions.

- **Exhibits in the Jury Room**

>
> After the jury has been instructed and taken to the jury room to begin deliberations, the Court and counsel will discuss which exhibits should go out with the jury for their consideration during deliberations.
>
> - **Interviewing the Jury**
>
>   In certain cases, Judge Goldberg may allow counsel to interview jurors but will instruct the jury that they are not required to talk to the attorneys. Permission to speak to jurors after a verdict is recorded must be obtained by the Court.

## 15. Cases in Suspense

If a case is stayed or in suspense, the attorneys shall, unless directed otherwise by the Court, file a joint report as to the status of the case every 60 days until the case is either terminated or placed back on the active list.

## 16. Fostering the Development of Young Lawyers

Judge Goldberg supports the active participation of less experienced lawyers in civil cases. Counsel is encouraged to assign court presentations to junior attorneys whose appearances have been entered in the matter, particularly where they are more familiar with an issue. For example:

- If the request is made in advance, Judge Goldberg may permit two lawyers to make an argument to ensure that a more experienced lawyer has an opportunity to augment a junior lawyer's presentation.

- At trial, if a junior attorney is given the opportunity to question a witness, a more senior attorney may, if that trial team deems it appropriate and/or necessary, conclude the examination by asking additional non-cumulative questions.

## CRIMINAL MATTERS

1. **Motions Practice**

All pre-trial motions must be filed no later than twenty (20) days in advance of trial date and, except in rare circumstances, will be heard on a date prior to the scheduled trial date.

All post-trial motions must be filed in accordance with the Federal and Local Rules of Criminal Procedure. Supporting memoranda for such motions and response memoranda shall not exceed twenty-five (25) double-spaced pages. Reply and sur-reply memoranda may be filed only with leave of the Court.

2. **Continuances of Trial**

Any request for a continuance must be filed no later than fourteen (14) days in advance of the scheduled trial date. Requests for a continuance must be filed as a motion stating the reasons for the request. Any such motion must be accompanied by a proposed order consistent with the requirements of the Speedy Trial Act, 18 U.S.C. ' 3161. The order shall include a proposed finding that explains in reasonable detail why the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. Any motion for a continuance

of trial date must be accompanied with a speedy trial waiver. The speedy trial waiver form can be found as an attachment to the first trial listing. For a government continuance request, where the defendant will not sign the waiver, a hearing will be held. Continuance requests by letter in criminal cases are not permitted.

**3. Pre-trial Hearings**

Suppression, *Starks* and *Daubert* hearings are typically held at least fourteen (14) days prior to trial. Following a motion to suppress hearing, counsel may be requested to submit a post-hearing brief or proposed findings of fact and conclusions of law to the Court. A schedule of these submissions will be established at the conclusion of the motion to suppress hearing.

**4. Pre-trial Conferences**

Pre-trial conferences with counsel will be scheduled at least three (3) days prior to trial. Any issues relating to *voir dire*, motions *in limine*, jury instructions, and jury verdict forms will be addressed at that time.

**5. *Voir Dire***

Counsel may submit proposed *voir dire* questions. Judge Goldberg will conduct most of the *voir dire* in criminal jury matters. Counsel may be permitted to address the venire with follow-up questions, but only after approval by the Court.

**6. Trial Memorandum**

At least seven (7) days prior to the trial date, the government must file a trial memorandum setting forth the essential elements of the offenses, the facts which it intends to present, the identity of each witness it intends to call, a statement of the substance of

each witness's testimony and any legal issues.   The defendant is not required to file a trial memorandum but may do so.

7. **Proposed Jury Instructions and Verdict Forms**

Each party must submit to the Court and serve on opposing counsel proposed points for charge and any proposed jury interrogatories no later than seven (7) days prior to the trial date.   Each point for charge and proposed jury interrogatory shall be numbered and on a separate sheet of paper identifying the name of the requesting party.   Each proposed instruction must be submitted with authority.   If a model jury instruction is used, the party submitting it shall state whether the proposed instruction is unchanged or modified.   If a party modifies a model instruction, additions shall be underlined and deletions shall be placed in brackets.

8. **Guilty Plea Memorandum**

The government must submit a guilty plea memorandum at least two (2) days prior to the change of plea hearing.   The memorandum shall include the elements of each offense to which the defendant is pleading guilty and legal citations for the elements, the maximum statutory penalties for each offense, the terms of any plea agreement and the factual basis for the plea.

9. **Sentencing**

Sentencing motions and supporting memoranda must be filed at least seven (7) days prior to the scheduled sentencing date, and any response thereto must be filed at least seven (7) days prior to the scheduled sentencing date.   Motions filed pursuant to U.S.S.G. ' 5K1.1 shall be filed no later than seven (7) days prior to sentencing.

Sentencing memoranda (exclusive of motions) must be filed no later than seven (7) days prior to the scheduled sentencing date, and any response thereto must be filed at least five (5) days prior to the scheduled sentencing date.

A sentencing date shall be selected at the time the Court accepts a guilty plea or there is a conviction at trial.   Requests for continuances from sentencing are discouraged, and sentencing will be continued for good cause only.   Judge Goldberg will not consider any request for a continuance exceeding ninety (90) days.

In the rare event of a ninety-day continuance, if counsel for both the government and the defendant(s) believe that good cause exists for an additional continuance beyond the initial ninety-day period, counsel may jointly request in writing an additional continuance.  Any such request must state why good cause exists for an additional continuance.  If Judge Goldberg grants such a request, counsel shall be required to submit in writing a joint status update every forty-five (45) days until judgment of sentence is entered.

If a defendant is responsible for restitution, the government must submit sufficient information in its sentencing memorandum to enable the Court to determine entitlement, the name and the address of each victim, the amount of loss for each victim, and documentary support for each amount.   If liability for restitution is joint and several, the government shall itemize the restitution amount for which each defendant is responsible.