# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR GARCIA, and ROSEANN MORRSION: Individually and as Co-Administrators of the Estate of SAHMYA GARCIA, Deceased | : : : : | Civil Action No. 2:23-cv-03935 |
| v. | : : | |
| POLYMER 80 INC. *and* MARCUS BURNEY, PP# 816759 | : : : | |

# ORDER

AND NOW, on this _____ day of _____, 2023, and upon consideration of Plaintiffs' Motion to Remand for Improper Removal, and any response thereto, it is hereby **ORDERED** that Plaintiffs' Motion is **GRANTED**, and that this matter is remanded back to the Philadelphia County Court of Common Pleas.

**BY THE COURT:**

_____
**J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR GARCIA, and ROSEANN MORRSION Individually and as Co-Administrators of the Estate of SAHMYA GARCIA, Deceased | : : : : | Civil Action No. 2:23-cv-03935 |
| v. | : : | |
| POLYMER 80 INC. *and* MARCUS BURNEY, PP# 816759 | : : : | |

**PLAINTIFFS' MOTION TO REMAND FOR IMPROPER REMOVAL
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Hector Garcia and Roseann Morrison, Individually and as Co-Administrators of the Estate of Sahmya Garcia, Deceased (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby respectfully submit the present Motion for Remand for Improper Removal and Incorporated Memorandum of Law, avers as follows:

1. As stated at ¶¶ 1-2 of the Notice of Removal, this matter was removed to federal court even though Plaintiffs have only filed a Writ of Summons, and no Complaint has yet been filed in this matter. See *Doc. No.* 1.

2. Therefore, removal was *per se* improper, because a lawsuit commenced in Pennsylvania state court by way of writ of summons may not be removed to federal court prior to the filing of a complaint. Gervel v. L&J Talent, 805 F. Supp. 308, 308-310 (E.D.Pa. 1992); Mercado v. UGI Utils. Inc., 2023 U.S. Dist. LEXIS 34363, at *3 (M.D. Pa. March 1, 2023).

3. This this action should be remanded to the Philadelphia Court of Common Pleas on the *additional basis* of the forum defendant rule, 28 U.S.C. § 1441(b)(2), because Defendant, Marcus Burney ("Defenant Burney"), is a Pennsylvania resident and was served with original

1

process before Defendant, Polymer 80 Inc. ("Defendant Polymer 80"), filed the Notice of Removal.

4. As shown by Exhibit "B" of the Notice of Removal, Defendant Burney was personally served with the Writ of Summons on August 29, 2023, by hand delivery at the Curran-Fromhold Correctional Facility in the City of Philadelphia, where he resides as an inmate; whereas the Notice of Removal was not filed until October 11, 2023.

5. Hence, this matter cannot be removed to federal court pursuant to diversity jurisdiction, because Defendant Burney is a resident of the forum state and was properly joined to the action before Defendant Polymer 80 sought to remove to federal court.

6. The forum defendant rule provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction [. . .] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

7. Under the forum defendant rule, when a defendant who resides in the forum state — such as Defendant Burney — is served and joined to the case before the removing party "complete[s] all three steps necessary to effect removal under [28 USCS] § 1446(d)," then the federal courts do not have subject matter jurisdiction over the controversy and should remand the case back to state court. See generally Doe v. Valley Forge Military Acad. & Coll., 2019 U.S. Dist. LEXIS 117633, 2019 WL 3208178 (E.D. Pa. July 15, 2019).

8. Therefore, the present motion for remand, pursuant to 28 U.S.C. § 1447(c), should be granted because Defendant Polymer 80's removal was procedurally defective since it violated the forum defendant rule:

> Under 28 U.S.C. § 1447(c), a plaintiff may remand an action to
> state court if removal was "procedurally defective." A removal is

procedurally defective if, *inter alia*, it violates the "forum
defendant rule."

Swindell-Filiaggi v. CSX Corp., 922 F.Supp.2d 514, 517 (E.D. Pa. 2013) (citation omitted).

9. Under Third Circuit precedent, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Id., quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

10. "The removing party bears the burden of proving the existence of federal subject matter jurisdiction." McLaughlin v. Bayer Essure, Inc., 2019 U.S. Dist. LEXIS 88213, at *8 (E.D. Pa. 2019), citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

11. Therefore, the instant Motion for Remand should be granted, because the removal filed by Defendant Polymer 80 was "procedurally defective," *both* because no complaint has yet been filed in this matter *and* because this Court lacks jurisdiction under the forum defendant rule.

**WHEREFORE**, Plaintiffs respectfully request for the Court to grant Plaintiffs' Motion for Remand for Improper Removal, in the form of the attached proposed Order.

**Respectfully submitted,**

**VICTIMS' RECOVERY LAW CENTER**

**/s/ Keith West**
**KEITH WEST, ESQUIRE**
*Attorneys for Plaintiffs, Hector Garcia and Roseann Morrison,*
*Individually and as Co-Administrators of the Estate of*
*Sahmya Garcia, Deceased*
**The North American Building**
**121 South Broad Street, 18th Floor**
**Philadelphia, Pennsylvania 19107**
**215-546-1433 – Telephone**
**keith@victimrecoverylaw.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR GARCIA, and ROSEANN MORRSION Individually and as Co-Administrators of the Estate of SAHMYA GARCIA, Deceased | : : : : | Civil Action No. 2:23-cv-03935 |
| v. | : : | |
| POLYMER 80 INC.   *and* MARCUS BURNEY, PP# 816759 | : : : | |

# CERTIFICATE OF SERVICE

I, Keith West, Esquire, on this date, by electronic filing and/or first class mail, caused a true and correct copy of Plaintiff's Motion for Remand for Improper Removal to be served on the following:

> Shawn M. Rodgers, Esq.
> Goldstein Law Partners, LLC
> 11 Church Road
> Hatfield, PA 19440
> 610.949.0444
> Fax: 215.257.1910
> Email: shawn.michael.rodgers@gmail.com
> *Attorney for Defendant, Polymer 80 Inc.*
>
> Defendant, Marcus Burney, PP# 816759
> c/o Curran-Fromhold Correctional Facility
> 7901 State Rd.
> Philadelphia, PA 19136

**Respectfully submitted,**

**VICTIMS' RECOVERY LAW CENTER**

**/s/ Keith West**
**KEITH WEST, ESQUIRE**
*Attorneys for Plaintiffs, Hector Garcia and Roseann Morrison,*
*Individually and as Co-Administrators of the Estate of*
*Sahmya Garcia, Deceased*