IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR GARCIA *as administrator of the estate of Sahmya Garcia, et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARCUS BURNEY and POLYMER80, INC., <br><br> *Defendants*. | Civil Action <br><br> No. 23-cv-3935 |

# ORDER

**AND NOW**, this 13th day of November, 2023, upon consideration of Plaintiffs' motion to remand, and the response in opposition thereto, I find as follows:

1. Plaintiffs, co-administrators of the estate of Sahmya Garcia, deceased, initiated this lawsuit in the Court of Common Pleas of Philadelphia County on August 29, 2023 by way of a praecipe to issue a writ of summons, following a state-law procedure allowing the commencement and service of a lawsuit before filing a complaint. See Pa. R. Civ. P. 1007(1). Plaintiffs named Marcus Burney and Polymer80, Inc. as Defendants.

2. On October 11, 2023, Polymer80 filed a notice of removal in this Court, alleging diversity of citizenship as a basis for federal jurisdiction. See 28 U.S.C. § 1332. Subsequently, on October 24, 2023, Plaintiffs moved to remand this case to state court, arguing that removal was procedurally improper because: (1) no complaint had yet been filed; and (2) the "forum defendant rule" bars removal because one Defendant, Marcus Burney, is a Pennsylvania citizen.

3. "A civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332] may not be removed if any of the parties in interest properly joined and served as

1

defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Marcus Burney is a Pennsylvania citizen and was served with a writ of summons on August 29, 2023. (Exhibit B to Notice of Removal.) Therefore, removal was improper, and this case must be remanded, unless Burney was fraudulently joined. See Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). Polymer80 argues that Burney was fraudulently joined because he has no ability to pay a judgment and, therefore, Plaintiffs have no reason to pursue a claim against him other than to defeat removal.

4.  "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Brown, 575 F.3d at 326. But "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (quotation marks omitted).

5.  Polymer80 does not dispute that Plaintiffs have a meritorious claim against Burney, who was convicted of murdering Plaintiffs' decedent. (See Exhibits A, C to Notice of Removal.) Instead, Polymer80's only basis for asserting that joinder was fraudulent is that Burney is incarcerated, which Polymer80 claims establishes that he must have "little or no financial means." Polymer80 then reasons that Plaintiffs "are unlikely to vigorously pursue a monetary judgment against" Burney. (Response at 8.) But Polymer80 offers no evidence of Burney's financial condition or of Plaintiffs' reasons for naming him as a Defendant, nor does Polymer80 ask for discovery or a hearing to develop these facts.

6. It would be pure speculation to assume that Plaintiffs have no real intention to pursue a claim against Burney merely because he is incarcerated. Polymer80 cites no authority that a defendant may be considered fraudulently joined merely due to inability to pay a judgment.[1] Because "all doubts should be resolved in favor of remand," Polymer80 has failed to demonstrate that Burney was fraudulently joined.

7. Accordingly, removal was improper under 28 U.S.C. § 1441(b)(2), and this case must be remanded to state court.

**WHEREFORE**, it is hereby **ORDERED** that:

8. Plaintiffs' motion to remand (ECF No. 5) is **GRANTED**.

9. This case is **REMANDED** to the Court of Common Pleas of Philadelphia County.

10. The Clerk of Court shall mark this case closed.

**BY THE COURT:**

 */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[1] Doe No. 4 v. Soc'y for Creative Anachronism, Inc., No. 07-cv-1439, 2007 WL 2155553 (E.D. Pa. July 25, 2007), applied the lower discretionary standard applicable to amendments under 28 U.S.C. § 1447(e) rather than the higher standard for fraudulent joinder. See id. at *4 n.5.